Filed 11/13/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ROBERT SWEETING, | B243034 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. NC043235) |
| v. | |
| SUSAN MURAT et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Roy Paul, Judge. Affirmed.

Robert Sweeting, in pro. per., for Plaintiff and Appellant.

Law Office of James A. Flanagan and James A. Flanagan for Defendants and Respondents.

Code of Civil Procedure section 1011, subdivision (b) (section 1011(b)) provides that personal service on a party to a lawsuit "shall be made in the manner specifically provided in particular cases, or, if no specific provision is made, service may be made by leaving the notice or other paper at the party's residence, between the hours of eight in the morning and six in the evening, with some person of not less than 18 years of age."[1]  This case presents an issue of first impression regarding personal service on a party who is not represented by counsel and does not have a permanent residence.  If that party has filed a notice of change of address that lists an address for a UPS store at which he rents a mailbox and states that "[a]ll notices and documents regarding the action should be sent to [that] address," is personal service effectuated by personal delivery of a notice of motion to the UPS store?  We conclude that it is.  Accordingly, we reject plaintiff and appellant Robert Sweeting's contention on appeal that the trial court erred in granting the discovery and summary judgment motions filed by defendants and respondents Susan and Mary Murat (the Murats) because the motions were not properly served.

## BACKGROUND

Sweeting filed a lawsuit in September 2008 against various defendants regarding several shipping containers, which he alleges held his personal property valued at over $2.5 million, that he stored at a storage and shipping yard.  In the operative fourth amended complaint, filed in August 2011, Sweeting alleges two causes of action against the Murats, for conversion (the fourth cause of action) and negligence (the fifth cause of action).

---

[1]     Section 1011(b) provides for alternate methods of service if no one over the age of 18 is found at the residence or the party's residence is unknown.

The complaint alleges that Sweeting contracted with other defendants (referred to as the ADL Defendants) to store the containers at the ADL Defendants' storage and shipping facility.  In the conversion cause of action, Sweeting alleges that the real property on which the ADL Defendants operated their storage and shipping facility was owned by the Murats, Joseph Murat, and the Murat Family Trust (collectively, the Murat Defendants).[2]  Sweeting alleges that in March 2009, he had a telephone conversation with Joseph Murat, whom he alleges was acting on behalf of the Murats, in which Mr. Murat agreed to allow Sweeting to store his personal property at the facility.  He alleges that beginning in June 2009, at the direction of the Murat Defendants, the ADL Defendants refused to allow him access to his property stored at the facility.  Shortly thereafter, the Murat Defendants terminated the lease under which the ADL Defendants operated their storage facility.  Sweeting alleges that when the ADL Defendants moved from the real property sometime between August and November 2009, they left behind a large portion of his personal property, which the Murat Defendants then sold, scrapped, gave away, kept for personal use and/or destroyed.  In the negligence cause of action, Sweeting alleges that the Murat Defendants failed to follow statutory procedures for evicting him, and lost, sold, scrapped, or otherwise disposed of his property, causing him harm.

On February 10, 2012, the Murats filed a motion for summary judgment or alternatively, for summary adjudication.  The motion was noticed for hearing on April 26, 2012, 76 days from the filing of the motion, and 33 days before the date set for trial.  The proofs of service for the notice of motion and motion and all of the supporting documents indicate that the documents were personally served by

---

[2]     Joseph Murat and the Murat Family Trust were not parties to the motion for summary judgment at issue here, and are not parties to this appeal.

3

the attorney for the Murats at 7071 Warner Avenue, Unit F81, in Huntington Beach, California. That address is the address listed on a notice of change of address form that Sweeting filed with the court on June 22, 2011.

In support of their motion, Susan and Mary Murat each submitted a declaration in which each of them stated, among other things, that she transferred her individual interest in the real property at issue in 2006.[3] The declarations also stated that the Murats entered into a five-year lease with the ADL Defendants in 2007 for the real property at issue, that Sweeting was not a party to that lease, and that they did not grant Sweeting any rights as a tenant, subtenant, or assignee. The Murats also declared that they did not convert, use, lose, sell, keep, scrap, destroy, receive, or move any personal property belonging to Sweeting, nor did they prevent or direct anyone to prevent Sweeting from accessing his property.

In addition to the declarations, the Murats submitted transcripts from Sweeting's deposition, taken December 9, 2011, in which Sweeting testified that he had not discovered any evidence that would show that the Murats converted or exercised dominion and control over any of his property, or that the Murats were negligent with respect to his property.[4] Based upon the declarations and deposition testimony, the Murats argued they were entitled to summary judgment because they provided evidence to show they were not negligent and did not convert Sweeting's property, and Sweeting conceded he had no evidence to support his claims against them.

---

[3] Their individual interests were transferred to Living Trusts in each of their names.

[4] The deposition transcripts were lodged with the trial court, but are not in the record on appeal. However, the Murats quoted from the deposition transcripts in their points and authorities in support of the motion, and the trial court quoted from the same transcripts at the hearing on the motion. We rely upon the trial court's quotations for the purposes of this appeal.

On April 4, 2012, the Murats filed and their counsel personally served (at the address set forth in Sweeting's notice of change of address) two motions to compel discovery responses, to be heard at the same time as the summary judgment motion; the Murats sought monetary sanctions in both motions. On April 24, 2012 -- two days before the hearing on the Murats' discovery and summary judgment motions -- Sweeting filed oppositions to all of the motions.

At the hearing on the motions, the trial court noted that Sweeting's oppositions were not timely filed. The court announced that it was exercising its discretion to refuse to consider them because of the extreme lateness of the filing. With regard to the summary judgment motion, the court found that the Murats' submission of Sweeting's deposition testimony admitting that he had not discovered any evidence to support his claims against the Murats was sufficient to shift the burden to Sweeting to raise a triable issue of fact, and Sweeting failed to meet his burden because he failed to timely file his opposition. Therefore, the court found the Murats were entitled to summary adjudication as a matter of law. The court noted that, although it was not considering Sweeting's opposition, Sweeting had complained that the moving papers were not properly served because the papers were delivered to an address that was not his residence or his place of business. The court found that service was proper, however, because the papers were personally delivered to the address indicated on the most recent notice of change of address in the court's file. Moving to the discovery motions, the court granted the Murats' motions to compel and imposed monetary sanctions against Sweeting in the amount of $1,000 ($500 for each motion).[5]

---

[5] The court also awarded the Murats an additional $3,000 in sanctions against Sweeting related to four discovery motions he filed.

On May 7, 2012, Sweeting filed a motion to reconsider the granting of the summary judgment, on the ground that service of the summary judgment motion was improper. He contended that the court had found at an earlier hearing in August 2011 that personal service could not be effectuated at a post office box, and that there was an agreement that he could be personally served at 7941 Camden Cir., La Palma, CA. Before the date set for hearing Sweeting's motion for reconsideration, the trial court entered judgment in favor of the Murats. Sweeting timely filed a notice of appeal from the judgment.

## DISCUSSION

Sweeting contends on appeal that the trial court erred by granting the discovery and summary judgment motions because service of those motions was improper in that they were personally delivered to an address that was not his residence or business address.[6] We disagree.

We begin with the statutory language governing personal service on a party to a lawsuit. Section 1011 of the Code of Civil Procedure provides, in relevant part: "The service may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows: [¶] . . . [¶] (b) If upon a party, service shall be made in the manner specifically provided in particular

---

[6]   The Murats argue in their respondents' brief that Sweeting cannot challenge the trial court's ruling on the discovery motions because his notice of appeal identifies only the summary judgment. They are incorrect. On appeal from a judgment, "the reviewing court may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party." (Code Civ. Proc., § 906.) The cases and commentary that the Murats rely upon involve attempts to challenge post-judgment and/or other *separately appealable* orders in an appeal from a judgment. The discovery orders here are not separately appealable, and affect Sweeting's rights, since they order him to pay sanctions, so they may be reviewed on an appeal from the summary judgment.

6

cases, or, if no specific provision is made, service may be made by leaving the notice or other paper at the party's residence, between the hours of eight in the morning and six in the evening, with some person of not less than 18 years of age. If at the time of attempted service between those hours a person 18 years of age or older cannot be found at the party's residence, the notice or papers may be served by mail. If the party's residence is not known, then service may be made by delivering the notice or papers to the clerk of the court, for that party." In other words, the statute creates a hierarchy of methods for personal service on a party, if delivery is not made directly to the party. If a specific manner of service is provided in the case at issue, service *must* be made in accordance with the specified manner. Only if no specific manner is provided may service be effectuated by leaving the documents with an adult at the party's residence.

In this case, Sweeting filed a form notice of change of address stating that his new address was 7071 Warner Ave., Unit F81, Huntington Beach, CA 92647. The form included a space for "Mailing address (if different from above)," which Sweeting left blank. The form also stated: "All notices and documents regarding the action should be sent to the above address."

The form notice was filed on June 22, 2011. According to Sweeting, he did not have a home address because he had lost his home on March 18, 2011, and his only stable address was at a UPS Store where he rented a post office box.

The issue of personal service in light of Sweeting's lack of a residence was initially addressed at a hearing held on August 4, 2011, during which the court and the parties discussed the schedule for the filing of Sweeting's fourth amended complaint and the Murats' answer. Counsel for the Murats noted that he wanted to personally serve the answer, but did not think he could do so at the address on file, describing that address as "a P.O. Box." The trial court agreed that the Murats "can't serve a P.O. Box," and asked Sweeting if he wanted to give counsel an

7

address where the Murats could personally serve the answer. The court indicated it was Sweeting's choice whether he wanted to provide a different address for personal service, and said they could discuss that off the record.

Although Sweeting contends that the parties agreed at that hearing that personal service could be effectuated by service on Sweeting's son at his home in La Palma, that agreement was not put on the record, no order was made to change the address for service, and Sweeting did not file a new notice of change of address.[7] Thus, the only address in the record at which Sweeting could be served was the address for Sweeting's "unit" at the UPS Store in Huntington Beach.

The fact that the "unit" Sweeting rented was a mailbox did not mean that documents could not be personally served at the listed address. Counsel and the trial court mistakenly referred to the mailbox as a "P.O. Box" at the August 4, 2011 hearing, which could account for their statements that the Murats could not personally serve Sweeting at that address. Counsel and the trial court may have confused service of motions or other documents with substituted service of the summons and complaint under Code of Civil Procedure section 415.20. That statute provides that "[i]n lieu of personal delivery of a copy of the summons and complaint to the person to be served . . . , a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof. . . . When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof." (Code Civ. Proc., § 415.20,

---

[7] The Murats' counsel stated at the hearing on the summary judgment and discovery motions that he told Sweeting that he needed to file something if he wanted to be served at an address other than the Huntington Beach address, but Sweeting did not do so.

8

subd. (a).)  Yet even under this statute, it is only when the usual mailing address is a *United States Postal Service* postal box that personal delivery to the mailing address does not constitute personal service; service at a private or commercial post office box is allowed.  (See, e.g., *Ellard v. Conway* (2001) 94 Cal.App.4th 540, 545-546.)

We conclude that Sweeting's notice of change of address directing service of all papers to the listed address constituted a specific provision governing the manner of service, and therefore the delivery of the discovery and summary judgment motion papers to an adult at that address constituted proper personal service.[8]

---

[8]  To the extent Sweeting argues the trial court's finding that the Murats were entitled to judgment as a matter of law was erroneous because the court improperly shifted the burden of proof to him based upon the Murats' showing that Sweeting had no evidence to support his claims against them, he is incorrect.  When a defendant seeking summary judgment submits the plaintiff's discovery responses or deposition testimony indicating the plaintiff does not possess any evidence to support one or more elements of plaintiff's claim, the burden shifts to the plaintiff to present evidence sufficient to raise a triable issue of material fact.  (*Union Bank v. Superior Court* (1995) 31 Cal.App.4th 573, 579.)

**DISPOSITION**

The judgment is affirmed.  The Murats shall recover their costs on appeal.

**CERTIFIED FOR PUBLICATION**


WILLHITE, Acting P. J.


We concur:




MANELLA, J.




SUZUKAWA, J.