Filed 12/4/14  Rosado v. Hendricks CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MICHAEL ROSADO, | B252484 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. MC024189) |
| v. | |
| PIERRE STEPHANE HENDRICKS et al., | |
| Defendants and Respondents. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Randolph Rogers, Judge.  Affirmed.

Michael Rosado, in pro. per., for Plaintiff and Appellant.

Herzfeld & Rubin, Vadim Braslavsky, for Defendant and Respondent Pierre Stephane Hendricks, M.D.

Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz, Jack R. Reinholtz and Cynthia A. Palin, for Defendant and Respondent Steven N. Brourman, M.D.

Plaintiff Michael Rosado, appearing in propia persona, filed the instant appeal after the trial court entered judgment in favor of two of the defendants on anti-SLAPP grounds. Rosado also appears to challenge the denial of his request for entry of default as to one of these defendants. For the reasons stated below, we deem waived Rosado's underdeveloped challenges to the anti-SLAPP judgments and affirm the trial court's ruling as to the entry of default.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

We have cobbled together the following chronologic recitation from the parties' appendices, supplemented as necessary by review of the trial court's docket. Plaintiff-Michael Rosado (Rosado), appearing in propia persona, filed a complaint against defendants Pierre Stephane Hendricks (Hendricks), Roberta Hykes (Hykes), and Steven Brourman (Brourman) (collectively Defendants) on April 24, 2013. The complaint alleged that defendants engaged in improper conduct while participating in Rosado's worker's compensation proceedings. On May 6, 2013, Rosado filed self-prepared documents asserting that an individual named Ralda Pineda served the complaint, summons, assignment of judge, and notice of case management conference "in person," "on" Hendricks's and Brourman's addresses. No such document pertaining to Hykes is in the appellate record. The only indications that Rosado attempted to serve Hykes are an assertion to that effect in Rosado's brief and a notation on the trial court docket that Rosado's proof of service as to Hykes was "faulty." (See Evid. Code, § 452, subd. (d); Evid. Code, § 459, subd. (a); *Luckey v. Superior Court* (2014) 228 Cal.App.4th 81, 89.) The trial court docket also deems "faulty" Rosado's other proofs of service.

Brourman appeared and demurred to the complaint on May 24, 2013. The trial court sustained Brourman's demurrer on June 27, 2013, and ordered Rosado to file an amended pleading no later than August 16, 2013.

---

[1] The acronym SLAPP refers to Strategic Lawsuits Against Public Participation. (See *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 817.)

The same day that the trial court sustained Brourman's demurrer, Rosado submitted an incomplete form requesting entry of default against Hendricks and Hykes to the clerk's office. Rosado also submitted a proposed judgment form, on which he checked a box indicating that judgment was obtained by default. Rosado further requested that the clerk remove Hendricks and Hykes from his "injury case," attached a three-page note explaining the "context" for his request (namely that Pineda had served Hendricks on April 26, 2013), and furnished a June 11, 2013, letter he had received from Hendricks's insurance company as "proof that, Pierre Hendricks; received the summons, complaint, case management."

The clerk's office issued a Notice of Rejection-Default/Clerk's Judgment on July 8, 2013. The clerk did not check any boxes indicating that there were defects in Rosado's proofs of service. The clerk checked only the box labeled "other" as the reason for denying Rosado's request for entry of clerk's judgment. The clerk provided the following explanation in the space next to the checked box: "Court ordered you to file an amended complaint on 6-27-13. You need to seek legal assisstance [*sic*]on how to properly prepare a default judgment. This case is not a clerk judgment case. A clerk cannot order defendants removed, only a judge can. Seek legal assisstance [*sic*]." Nothing in the record suggests that Rosado revised or resubmitted his request for entry of default, and it is unclear whether he sought legal assistance at any point.

On July 9, 2013, Hendricks appeared and filed a special motion to strike Rosado's original complaint pursuant to Code of Civil Procedure, section 426.15 (to "anti-SLAPP" motion). Hendricks also demurred to the original complaint, which we presume remained operative as to him. (*See Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 889 ("[O]n appeal we presume the trial court's order is correct, indulge all presumptions in favor of that correctness, and resolve all ambiguities in favor of affirmance.").) The appellate record does not indicate that Rosado filed any documents in opposition to Hendricks's anti-SLAPP motion or demurrer. According to

3

the trial court's order, Rosado argued only that his request for entry of default against Hendricks had been improperly denied.

The trial court rejected Rosado's contention that he was entitled to entry of default against Hendricks. It reasoned that entry of default was not warranted because "the proof of service filed by plaintiff indicates that defendant [Hendricks] was not properly served with the summons and complaint." The trial court was unable to ascertain whether Pineda served Hendricks personally or via substitute service, but found the proof of service deficient in either instance because it stated neither the time of service (required for personal service) nor the name of the person on whom service was effected (required for substitute service).

The trial court also granted Hendricks's anti-SLAPP motion. It concluded that Hendricks had carried his burden of demonstrating that the allegations against him stemmed from conduct he had undertaken "in furtherance of [his] right of petition or free speech under the United States or California Constitution in connection with a public issue." Specifically, the trial court found that Rosado's claims related to Hendricks's alleged filing of false documents while serving as a "Qualified Medical Evaluator" in Rosado's worker's compensation case. The trial court determined that Hendricks's showing shifted the burden to Rosado to demonstrate a probability of prevailing on the merits of his claims, and concluded that Rosado failed to carry that burden in light of his failure to submit evidence supporting his claims or countering the claim of litigation privilege asserted by Hendricks. Accordingly, the trial court granted Hendricks's anti-SLAPP motion and dismissed his demurrer as moot on August 14, 2013. The trial court entered judgment in favor of Hendricks on September 5, 2013. Our review of the trial court's docket indicates that the notice of entry of judgment was filed on September 25, 2013. (See Evid. Code, § 452, subd. (d); Evid. Code, § 459, subd. (a); *Luckey v. Superior Court*, *supra*, 228 Cal.App.4th at p. 89.)

Rosado filed an amended complaint on August 15, 2013. The amended complaint asserted twelve claims against all three defendants.

4

On September 19, 2013, Brourman filed an anti-SLAPP motion to strike and demurred to Rosado's amended complaint. Rosado filed a strongly worded opposition brief on October 9, 2013. The trial court held a hearing on Brourman's motions on October 17, 2013. A few days later, the trial court ruled that Brourman had carried his burden of showing that Code of Civil Procedure section 425.16 applied to Rosado's claims and that Rosado had failed to demonstrate a probability of prevailing on the merits. The trial court granted Brourman's anti-SLAPP motion and dismissed his demurrer as moot. The trial court entered judgment in Brourman's favor on November 1, 2013, and notice of entry of judgment was filed on November 12, 2013.

Rosado filed the instant appeal on November 8, 2013. On his notice of appeal form, Rosado checked boxes indicating that he was appealing from "Default judgment," "Judgment after an order granting a summary judgment motion," "Judgment of dismissal under Code of Civil Procedure sections 581d, 583.250, 583.360, or 583.430," "Judgment of dismissal after an order sustaining a demurrer," "An order after judgment under Code of Civil Procedure section 904.1(a)(2)," "An order or judgment under Code of Civil Procedure section 904.1(a)(3)-(13)," and "Other." Rosado added the notation, "See attached forms." No attachments appear in the record. Rosado named all three Defendants as Respondents.

In a corrected case information statement filed on January 8, 2014, Rosado checked boxes indicating that he was appealing from "Default judgment," "Judgment of dismissal after an order sustaining a demurrer," and "Other." Rosado stated that he was appealing from judgments or orders dated August 14, 2013, August 27, 2013, and November 6, 2013. He attached the orders granting Hendricks's and Brourman's anti-SLAPP motions to the corrected case information statement. He also attached the Notice of Rejection-Default/Clerk's Judgment and a note averring that Hendricks and Hykes were in default and that his request for entry of default against them had been timely.

The trial court docket indicates that notice of order to show cause was filed in the trial court on December 13, 2013. Neither the docket nor the parties' appendices indicate

who filed the notice or requested an order to show cause, but counsel for Brourman appears to have been the sole participant at the January 15, 2014, hearing. Because Rosado failed to appear at the hearing, the trial court dismissed his remaining claims for want of prosecution pursuant to Code of Civil Procedure section 583.410, subdivision (a). The dismissal was without prejudice. Rosado included the order of dismissal in his appellate appendix but did not amend his notice of appeal to encompass it or file a separate notice of appeal attacking it.

## DISCUSSION

We begin our analysis on appeal with the presumption that the trial court's judgments were correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 976.) To overcome this presumption, Rosado must affirmatively demonstrate that the trial court committed reversible error. (*Denham*, *supra*, at p. 565; *Gonzalez*, *supra*, at p. 976.) He must "present argument and authority on each point made" (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591; Cal. Rules of Court,[2] rule 8.204(a)(1)(B)), and cite to pertinent evidence or other matters in the record that demonstrate reversible error (rule 8.204(a)(1)(C); *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115). "[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119; *In re Sade C.* (1996) 13 Cal.4th 952, 994.) Rosado is not excused from these obligations or consequences by virtue of his propia persona status. "The rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation," (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-85); litigants proceeding without counsel are "'entitled to the same, but not greater, consideration than other litigants and attorneys.'" (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1056.)

---

[2] All further rule references are to the California Rules of Court.

Hendricks contends that dismissal of this appeal is warranted in light of Rosado's failure to comply with the California Rules of Court[3] and other rules of civil procedure. Rosado's eight-page submission indeed disregards numerous requirements imposed by rule 8.204(a). It lacks a table of contents, (rule 8.204(a)(1)(A)), argument headings and subheadings, (rule 8.204. (a)(1)(B)), and references to the record (rule 8.204(a)(1)(C)). It also fails to provide a coherent summary of the significant facts, (rule 8.204(a)(2)(C)), neglects to discuss or even clearly identify the judgment(s) or order(s) appealed from (rule 8.204(a)(2)(A) & (B)), and omits any citation to legal authority. (Rule 8.204(a)(1)(B).)

We agree with Hendricks that the deficiencies in Rosado's brief fatally undermine his challenge to the entry of judgment in favor of Hendricks and Brourman on anti-SLAPP grounds. Nothing in Rosado's brief can fairly be read to challenge or even allude to either pertinent trial court judgment. The closest the brief comes to doing so is an assertion that "[t]hese judgments in favor of two of the defendants and one defendant who did not even respond to the summons and civil complaint [ ] must be reverse for justice must prevail." "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived. [Citations.]" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Berger v. Godden*, *supra*, 163 Cal.App.3d at p. 1119.) We therefore treat as waived any and all of Rosado's challenges to the anti-SLAPP rulings.

We nonetheless conclude, however, that Rosado has provided us with a minimally cognizable argument as to what appears to be his central contention on appeal: that his request for default as to Hendricks was improperly denied. We address this intermediate

---

[3] Ironically, Hendricks emphasizes Rosado's failure to comply with former California Rule of Court, rule 14, which no longer exists. Rule 14 was renumbered to California Rule of Court, rule 8.204, as of January 1, 2007. (See California Rules of Court, rule 8.204.)

ruling pursuant to our authority under California Code of Civil Procedure, section 906. (See *Sweeting v. Murat* (2013) 221 Cal.App.4th 507, 511 fn. 6.)[4]

Rosado disputes the trial court's conclusion that default properly was denied because his proof of service as to Hendricks omitted information required by California Code of Civil Procedure sections 415.20 and 417.10, subd. (a). Rosado emphasizes that the clerk accepted and filed his proof of service and "did not check off, line proof of service" on the notice rejecting Rosado's request for entry of default.

The clerk's acceptance of Rosado's filing is of no moment. So long as a filing complies with the formatting requirements set forth in Rules 2.100-2.119, "the clerk has a ministerial duty to file it." (*Carlson v. State of California Department of Fish & Game* (1998) 68 Cal.App.4th 1268, 1276.) Accordingly, the filing of a defective paper does not negate or cure its deficiency. To the contrary, "the filing of a defective paper may bring later adverse consequences if timely corrections are not made." (*Carlson v. State of California Department of Fish & Game, supra.*, at p. 1276.)

Moreover, the filing of a proof of service creates a rebuttable presumption of proper service "only if the proof of service complies with the statutory requirements regarding such proofs," (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1442), and the trial court correctly concluded that the proof of service as to Hendricks did not satisfy the statutory requirements. The proof of service as to Hendricks failed to articulate the "time, place, and manner of service and facts showing that the service was made in accordance with" the California Code of Civil Procedure, as required by California Code of Civil Procedure section 417.10. The proof of service states only that Pineda "served these foregoing documents in person, on Hendricks address," on an unspecified date and at an unspecified time. Although "strict compliance with the code's

---

[4] Rosado also appears to challenge the denial of default as to Hykes. This intermediate ruling is not properly before us because Rosado has not filed a notice of appeal challenging the January 15, 2014, final judgment dismissing his claims against Hykes. (See *Pfeifer v. John Crane, Inc.* (2013) 220 Cal.App.4th 1270, 1315-1316; Cal. Code Civ. Proc., § 906.)

provisions for service of process is not required" as a general matter, (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1443 (citing *Pasadena Medi-Center Associates v. Superior Court* (1973) 9 Cal.3d 773, 778)), "'the rules leading to [default judgment] are precise and should be followed to the letter'" because of the substantial consequences that flow from an entry of default. (*Pelayo v. J.J. Lee Management Co., Inc.* (2009) 174 Cal.App.4th 484, 497 (quoting *Jones v. Interstate Recovery Service* (1984) 160 Cal.App.3d 925, 928).) Those rules require the filing of a proper proof of service with the clerk. (*Pelayo v. J.J. Lee Management Co., Inc.*, *supra*, at pp. 495-497.) Rosado did not fulfill this requirement.

Finally, we are not persuaded by Rosado's suggestion that the clerk's failure to check the "proof of service" box on the rejection notice prevented the trial court from upholding the clerk's decision on that basis. Just as we may affirm a correct decision of the trial court "regardless of the considerations which may have moved the trial court to its conclusion," (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19), so too may the trial court "affirm" the clerk's well-founded rejection of a request for entry of default.

## DISPOSITION

The judgments of the trial court are affirmed. Respondents Hendricks and Brourman are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


EPSTEIN, P. J.                                    MANELLA, J.


9