# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

No. 21-11285
Summary Calendar

---

David Wierman; Roxane Wierman,

*Plaintiffs—Appellants*,

*versus*

Prestige Default Services; U.S. Bank Trust National
Association, *as Trustee of* Bungalow Series III Trust; SN
Servicing Corporation,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1330

---

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Appellants David and Roxane Wierman sued Prestige Default
Services (PDS), U.S. Bank Trust National Association (U.S. Bank), and SN
Servicing Corporation (together "Appellees") in connection with

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11285

Appellees' attempted foreclosure sale of Appellant's property. The district court dismissed the action, holding that the foreclosure sale of Appellants' property was proceeding in conformity with Texas law. They now appeal that dismissal. We AFFIRM.

\*     \*     \*

Appellants purchased the property in 1998. In 2008, they executed a promissory note in favor of Bank of America for a home equity loan. They contemporaneously executed a lien contract and deed of trust that granted a security interest in the property to the Bank to secure repayment under the note. The deed of trust included an acceleration clause that would be triggered if Appellants defaulted on their monthly payments. Bank of America later assigned the note and deed of trust to U.S. Bank. Years later, Appellants fell behind on the loan. On January 29, 2020, a notice of default was sent to Appellants, followed by a notice of acceleration on June 1. On December 15, 2020, U.S. Bank obtained a final order allowing it to foreclose on the property. The property was posted for foreclosure sale on June 1, 2021. In accordance with TEX. PROP. CODE §§ 51.002(b) and 51.0075(e), a Notice of Substitute Trustee Sale was sent to Appellants by Donna Stockman on behalf of PDS. The Notice identified PDS as the substitute trustee that would be conducting the sale and listed the following as its "street address": "9720 Coit Road, Suite 220-228, Plano, Texas 75025." This was the address of a UPS Store where PDS received its mail.

Around the time they received the Notice, Appellants filed this action in the Dallas County Court at Law, asserting claims for breach of contract, as well as for violations of the Texas Debt Collections Practices Act and TEX. CIV. PRAC. & REM. CODE § 12.002. All of Appellants' claims were premised on their argument that the Notice of Substitute Trustee Sale they received was inadequate because "PDS (or Donna Stockman) was not

No. 21-11285

located at the . . . address" provided in the Notice. In Appellants' view, TEX. PROP. CODE § 51.0075(e)'s requirement that notices of foreclosure sales conducted by substitute trustees include "a street address for . . . [the] substitute trustee[]" is only satisfied if the address provided is that of the substitute trustee's physical location. The County Court entered a temporary restraining order enjoining the foreclosure sale pending consideration of Appellants' objections thereto. Appellees then removed the action to federal district court and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the address provided in the Notice satisfied Section 51.0075(e)'s "street address" requirement. The district court agreed with Appellees and dismissed Appellants' claims against them. *See Wierman v. Prestige Default Servs.*, No. 3:21-CV-01330, 2021 WL 6137183, at *1 (N.D. Tex. Dec. 7, 2021), *report and recommendation adopted*, 2021 WL 6135485 (N.D. Tex. Dec. 27, 2021). The sole issue raised by Appellants on appeal is whether this dismissal was erroneous. It was not.

\* \* \*

This issue turns on Texas law. "In applying Texas law, we are bound by the Texas Supreme Court's decisions." *Camacho v. Ford Motor Co.*, 993 F.3d 308, 311 (5th Cir. 2021). Since, however, that Court has apparently "not considered [the] issue" at hand, our objective is to predict "how it would rule." *Id.*[1] We therefore interpret TEX. PROP. CODE § 51.0075(e) using

---

[1] There is also very little caselaw from other courts that speaks to how TEX. PROP. CODE § 51.0075(e) applies to the issue at hand, but what little there is supports our holding today. For instance, one Texas appellate court held that a notice of foreclosure sale that "did not specifically identify the *street address* of the substitute trustee," but "did include the street address of both the mortgage servicer and the law firm providing the notice of substitute trustee's sale on behalf of the substitute trustee" met Section 51.0075(e)'s "street address" requirement "[b]ecause sufficient information was available to the debtor, and to the public, through which the substitute trustee could be contacted." *Veloz v. Wilmington Sav. Fund Soc'y, FSB as Tr. for Pretium Mortgage Acquisition Tr.*, No. 07-20-

No. 21-11285

"the same methods of statutory interpretation used by the Texas Supreme Court." *Id.* Those methods direct us to "begin with [a statute's] language," with the "primary objective" of "discern[ing] . . . the plain meaning of the words chosen." *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). "Our job is to apply the statutory text as written, not as we would have written it." *JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 490 (Tex. 2019).

Applying these principles to the provision in question, the result is clear. The statute requires that a notice of a foreclosure sale that will be conducted by a substitute trustee include "[t]he name and a street address for . . . [the] substitute trustee[]." Tex. Prop. Code § 51.0075(e). Here, it is undisputed that the Notice sent to Appellants properly identified PDS as the substitute trustee. It is also undisputed that the Notice listed the following as an address for PDS: "9720 Coit Road, Suite 220-228, Plano, Texas 75025." That is obviously "a street address." Indeed, Appellants concede as much in their briefing, repeatedly referring to the address provided in the Notice as a "street address." That being so, Appellants' argument that the Notice they were sent was defective is simply untenable. The Notice provided "a street address" for PDS, thus satisfying the relevant requirement of Tex. Prop. Code § 51.0075(e). Contrary to Appellants' assertions, nothing in the statute demands—either explicitly or implicitly—

---

00017-CV, 2021 WL 5299584, at *3 (Tex. App.—Amarillo Nov. 15, 2021, no pet.). The same is true of the UPS-Store address of PDS that was listed in the Notice of foreclosure sale in this case. Similarly, a Texas federal court rejected some debtors' argument that the notice they received of a foreclosure sale was deficient under Section 51.0075(e) because it "provid[ed] only a business address for the business employing one of the substitute trustees," reasoning that the statute "simply specifies a street address must be provided. . . . [I]t is unlikely the intent of the statute was to require the substitute trustee to provide his or her home address." *Berg v. Bank of Am., N.A.*, No. A-12-CV-433 LY, 2012 WL 12886433, at *7 (W.D. Tex. Sept. 19, 2012), *report and recommendation adopted*, No. A-12-CV-433-LY, 2012 WL 12886597 (W.D. Tex. Nov. 1, 2012).

that the substitute trustee physically "occupy the street address given in the [n]otice." The "street address" of a UPS Store at which PDS receives mail is no less a "street address" simply because PDS is headquartered elsewhere.

Appellants counter by speculating that the Texas Legislature's purpose in enacting Section 51.0075 was "to provide the bidding public with as much information as possible in advance of a sale," and so the provision should be interpreted to require that the "street address" be the substitute trustee's physical location so that "the bidding public" can meet with the substitute trustee and "discuss any conditions that the [substitute] trustee had set." But this fanciful theory regarding the Legislature's imagined objectives has no basis in statutory text. "We must rely on the words of the statute, rather than rewrite those words to achieve an unstated purpose." *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 87 (Tex. 2017) (quoting *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 571 (Tex. 2014) (plurality opinion)).

Finally, we must comment on Appellants' misguided concern that "[t]he decision of the district court findings that a P.O. Box number is sufficient . . . would have the effect of abrogating the statute." We do not understand the district court to have held any such thing, nor do we hold any such thing in our decision today. The address listed for PDS in the Notice sent to Appellants was for a private mailbox at a UPS Store; a P.O. Box, by contrast, is operated by U.S. Postal Service. These are not the same, *see, e.g.*, *Sweeting v. Murat*, 164 Cal. Rptr. 3d 383, 388 (Cal. Ct. App. 2013), as Appellants themselves seem to recognize when they use the terms in contradistinction in their opening brief ("Arguably, a post office box, or as in this case, an office with nothing more than a U.P.S. drop box, is measurable compliance with the Texas Property Code. However, neither a measure of compliance, nor substantial compliance, is enough."). And while some legal

authorities hold that P.O. Box numbers do not qualify as "street addresses," *see, e.g.*, *Midway Oil Corp. v. Guess*, 714 P.2d 339, 342 (Wyo. 1986); TEX. FIN. CODE § 392.304(6), (7) (using "street address" and "post office box" in contradistinction), this logic does not compel the same conclusion regarding addresses of UPS-Store or other private mailboxes—which, unlike P.O. Box addresses, *see* U.S. POSTAL SERV., PUBLICATION 28—POSTAL ADDRESSING STANDARDS app. J3 (June 2020), https://pe.usps.com/text/pub28/28apj_004.htm, generally require a street name and mailbox number, *see id.* § 231. For that reason, our holding today that the address of PDS' UPS-Store mailbox qualifies as a "street address" does not necessarily imply that a P.O. Box number would so qualify. We express no view on that issue.

*        *        *

For these reasons, the district court's judgment is AFFIRMED.