Filed 4/29/14; pub. order 5/29/14 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ROSA ISELA MARTINEZ GONZALEZ, | D063424 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. DF202894) |
| MIGUEL ANGEL GARCIA REBOLLO, | |
| Defendant and Appellant, | |
| SAN DIEGO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Maureen F. Hallahan, Judge. Affirmed.

No appearance for Plaintiff and Respondent.

Miguel Angel Gargia Rebolla, in pro. per., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Marina L. Soto, Deputy Attorneys General, for Intervener and Respondent.

Miguel Angel Garcia Rebollo appeals an order finding the court had subject matter jurisdiction to modify his child support order, which was issued in Mexico. He contends the family court lacked subject matter jurisdiction under the Uniform Interstate Family Support Act (UIFSA) (Fam. Code, § 4900 et seq.) because his domicile and residence is in Mexicali, Mexico, and there was insufficient evidence to support the court's finding that his domicile and residence was in Calexico, California. (Undesignated statutory references are to the Family Code.) We affirm the order because the record Rebollo provided is inadequate for us to fully assess his arguments on appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Rebollo and Rosa Isela Martinez Gonzalez were married in Mexico in 1990. In 2000, they entered into an agreement for divorce in Mexico. The agreement provided that Rebollo would pay child support in the amount of 1,000 Mexican pesos per month for each of their two children. Mexico entered a judgment of divorce in March 2000.

In 2003, Gonzalez and her two children moved to San Diego County. The San Diego County Department of Child Support Services (the Department) provided services to Gonzalez and her children. In 2008, the Department registered the Mexicali judgment in California.

In February 2012, the Department moved to modify the child support obligation in the Mexicali agreement. Rebollo requested that the trial court dismiss the Department's petition because the trial court lacked jurisdiction to modify child

2

support as the original support order was issued in Mexicali and he still lived and worked there. To support his request, Rebollo filed an income and expense declaration in which he stated that he had worked full time in Mexico since 1995, lost his home to foreclosure in 2008, had to move to Mexico in order to make ends meet, and filed for bankruptcy in 2009. Rebollo also apparently lodged with the trial court utility receipts for electricity, gas, water and telephone services and copies of his Mexican driver's license and voting card. These documents are not in the record before us.

Gonzalez responded to Rebollo's request for dismissal by providing the family court with evidence to support her position that Rebollo resided in California. Gonzalez submitted copies of a title search, deed of trust, grant deed, and quitclaim deed for a property in Calexico. The documents showed that the property was owned by Concepcion I. Garcia, Rebollo's current wife. Lastly, Gonzalez included a document which purportedly showed minimal electricity usage at Rebollo's residence in Mexicali from June 2011 through April 2012. She also pointed out that Rebollo used a Calexico address in prior court filings.

Rebollo claimed that his mother-in-law bought the Calexico property for his wife so that she could apply for United States citizenship after three years. According to Rebollo, his wife and son lived in Calexico while he lived and worked in Mexicali. He further asserted that he had no claim to the Calexico property, his prenuptial agreement with his wife stated that their income, property and debt were separate, and they filed separate income tax returns.

In June 2012, a commissioner held a hearing on the matter.  The court found there was "insufficient evidence to find that California has subject matter jurisdiction to modify the original Mexican order."

Gonzalez moved for reconsideration of the commissioner's findings.  Gonzalez claimed that at the June 2012 hearing, she was unable to provide the trial court with all the evidence it needed to establish Rebollo's residence in California.  Subsequent to the hearing, Gonzalez obtained Rebollo's 2009, 2010, and 2011 United States income tax returns, marriage certificate, and request for a restraining order.  She pointed out that Rebollo listed his address as being in Calexico on all of those documents.  Rebollo opposed reconsideration by stating that he lived and worked in Mexico, he sought the restraining order to protect himself and his wife in Calexico, he used a postal mailbox address in Calexico for the restraining order, his United States tax returns show his income is from Mexico, and he is required to file tax returns in the United States because he is a citizen.

In August 2012, the commissioner denied Gonzalez's petition for reconsideration on the basis that the new evidence presented was available at the time of the original hearing.  However, at the same time, the commissioner considered the new evidence and granted Gonzalez's new request to modify child support.  The court stated:

> "Based upon the evidence before the court, the Court finds
> [Rebollo] lives in California with his new wife and child.
> [Rebollo] has filed his federal taxes in United States for the last
> three years and notes his address is in Calexico, California.
> [Rebollo's] marriage license indicates his address is in Calexico

4

and he has signed a prenuptial agreement with a California address. [Rebollo] filed for a temporary restraining order in Calexico, California and indicated on the forms his residence is in Calexico, California.

"The court finds based upon the enumerated evidence, [Rebollo's] primary domicile and residence is in Calexico, California. [Gonzalez] and the children's primary domicile and residence is in Chula Vista, California. Therefore, under the Federal Full Faith and [C]redit for Child Support Act and . . . section 4909, Mexico no longer has continuing exclusive jurisdiction. As such this court has subject matter jurisdiction to modify or issue . . . child support for this family."

Rebollo objected to the commissioner's findings. Thus, in November 2012, a judge held a de novo hearing on the matter. Based on the evidence presented at the hearing, the trial court found (1) Rebollo's primary domicile and residence was in Calexico, (2) the children's primary domicile and residence was in Chula Vista, and (3) the court had jurisdiction over the issue of child support. Accordingly, the court confirmed the commissioner's August 2012 ruling.

DISCUSSION

I. *Subject Matter Jurisdiction*

Rebollo argues the family court did not have subject matter jurisdiction to modify the Mexican child support order because his domicile and residence is in Mexicali, Mexico. This issue turns on whether California could assume "continuing, exclusive jurisdiction" over the parties' child support order under section 4962. After considering the statute in context of the UIFSA, we conclude it could not *if* Rebollo retained "residence" in Mexico.

5

In California, enforcement and modification of out-of-state child support orders is governed by the UIFSA (§ 4900 et seq.). The goal of the UIFSA is to ensure that "'only one valid support order may be effective at any one time' [citation], even though the parties and their children may move from state to state." (*In re Marriage of Amezquita v. Archuleta* (2002) 101 Cal.App.4th 1415, 1420 (*Amezquita*).) The term "state" for purposes of the UIFSA includes "[a] foreign jurisdiction that has enacted a law or established procedures for issuance and enforcement of support orders which are substantially similar to the procedures under [the UIFSA], the Uniform Reciprocal Enforcement of Support Act, or the Revised Uniform Reciprocal Enforcement of Support Act." (§ 4901, subd. (s)(2).) Mexico is a reciprocating state for purposes of the UIFSA. (U.S. Dept. of Health & Human Services, Admin. for Children & Families, Office of Child Support Enforcement, Intergovernmental Reference Guide, § C1, https://extranet.acf.hhs.gov/irg/profile.html?selection=STA&stateGeoBox=06 [as of April 28, 2014].) Accordingly, the UIFSA applies in this case.

The cornerstone of the UIFSA is that "the tribunal issuing a support order retains continuing, exclusive jurisdiction to modify that order" (UIFSA Com., 29F p. 2 West's Ann. Fam. Code (2013 ed.) foll. § 4909, p. 45) if "[a]t the time of filing the request for modification, [the issuing] state is the *residence* of the obligor, the individual obligee, or the child for whose benefit the support order is issued." (§ 4909, subd. (a)(1), italics added.) "Just as Subsection (a) defines the retention of continuing, exclusive jurisdiction, by clear implication the subsection also indentifies how jurisdiction to modify may be lost. That is, if all the relevant persons—the obligor, the

6

individual obligee, and the child—have permanently left the issuing State, the issuing State no longer has an appropriate nexus with the parties or child to justify the exercise of jurisdiction to modify its child-support order." (UIFSA Com., 29F p. 2 West's Ann. Fam. Code, *supra*, foll. § 4909 at p. 46.) The official comments to section 4909 provide that "residence is a fact question for the trial court, keeping in mind that the question is residence, not domicile." (*Ibid.*)

Under the UIFSA, a California court can assume jurisdiction to modify a child support order of another state "[i]f all of the parties who are individuals reside in this state and the child does not reside in the issuing state." (§ 4962, subd. (a).) "[Section 4962] deal[s] with the possibility that the parties and the child subject to a child support order no longer reside in the issuing State and that the individual parties have moved to the same new State. This section makes it clear that, *when the issuing State no longer has continuing, exclusive jurisdiction* to modify its order, a tribunal of the State of mutual residence of the individual parties has jurisdiction to modify the child-support order and assume continuing, exclusive jurisdiction." (UIFSA Com., 29F p. 2 West's Ann. Fam. Code, *supra*, foll. § 4962 at p. 176, italics added.)

Here, California could not assume jurisdiction to modify Mexico's child support order under section 4962 unless "[Mexico] *no longer ha[d] continuing, exclusive jurisdiction* to modify its order." (UIFSA Com., 29F p. 2 West's Ann. Fam. Code, *supra*, foll. § 4962 at p. 176, italics added.) Thus, the threshold question is whether Mexico retained continuing, exclusive jurisdiction pursuant to the provisions of section 4909. It did so if Rebollo had a "residence" in Mexico at the time of filing the

7

request for modification.  (§ 4909, subd. (a)(1).)  Based on the official comments to that section, it is clear that the drafters distinguished between "residence" and "domicile" and concluded that for purposes of "continuing, exclusive jurisdiction," the question is whether the obligor's, obligee's or child's "residence" is in the issuing state. The distinction is that a person may have more than one "residence" but only one "domicile," the place where he is most settled, has a permanent connection and intends to remain.  (*Amezquita*, *supra*, 101 Cal.App.4th at p. 1419.)  Accordingly, we next consider whether the evidence established that Rebollo had a "residence" in Mexico.

## II.  *Evidence of "Residence" in Mexico*

The trial court found that Rebollo's primary domicile and residence was in Calexico, California.  Although the court did not explicitly state that Rebollo did not have a "residence" in Mexico, we can infer this finding because the trial court found Mexico no longer had continuing, exclusive jurisdiction under section 4909.  Rebollo argues there was insufficient evidence to support the trial court's findings regarding his "residence."  Based on the record before us, we reject this argument.

"'A fundamental principle of appellate practice is that an appellant "'must affirmatively show error by an adequate record. . . .  Error is never presumed. . . . "A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent. . . ."'"'  [Citation.]"  (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125; accord, *In re Marriage of Lusby* (1998) 64 Cal.App.4th 459, 470.)  The appellate court is limited to considering matters in the record of the trial

proceedings; matters not presented by the record cannot be considered on the suggestion of the parties in their briefs. (*In Re Hochberg* (1970) 2 Cal.3d 870, 875.)

"'[R]esidence' connotes any factual place of abode of some permanency, more than a mere temporary sojourn." (*Amezquita*, *supra*, 101 Cal.App.4th at p. 1419.) Here, Gonzalez provided the trial court with evidence that Rebollo did not maintain a "residence" in Mexico. For example, she included a document which purportedly showed minimal electricity usage at Rebollo's residence in Mexicali from June 2011 through April 2012. Additionally, the electricity statement was in Rebollo's wife's name. Rebollo, however, claimed his wife lived in Calexico.

To support his claim that he had a "residence" in Mexico, Rebollo apparently lodged with the trial court utility receipts for electricity, gas, water and telephone services and copies of his Mexican driver's license and voting card. These documents are not in the record before us. Additionally, there is no reporter's transcript in the record on appeal. Other than statements in Rebollo's own declarations, there is nothing in the record establishing he had a "residence" in Mexico.

Without a complete record, we are unable to determine whether substantial evidence supported the implied findings underlying the trial court's order. (*In re Kathy P*. (1979) 25 Cal.3d 91, 102 ["appellant . . . has not met her burden of showing error by an adequate record"]; *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["[w]e cannot presume error from an incomplete record"]; *Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955 [because "the record does not contain all the

9

documents . . . we decline to find error on a silent record"].)  Based on the foregoing, Rebollo has not met his burden of showing error by an adequate record and we reject his claim on appeal.

DISPOSITION

The order is affirmed.  Respondent is entitled to costs on appeal.


McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

Filed 5/29/14

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROSA ISELA MARTINEZ GONZALEZ, | D063424 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. DF202894) |
| MIGUEL ANGEL GARCIA REBOLLO, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Appellant, | |
| SAN DIEGO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

THE COURT:

The opinion filed April 29, 2014, is ordered certified for publication.

No appearance for Plaintiff and Respondent.

Miguel Angel Gargia Rebolla, in pro. per., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Marina L. Soto, Deputy Attorneys General, for Intervener and Respondent.

McINTYRE, Acting P. J.

Copies to: All parties