Filed 1/16/15  Haddada v. San Diego Financial Services CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| NADIA HADDADA et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>SAN DIEGO FINANCIAL SERVICES, INC.,<br><br>    Defendant and Respondent. | D065005<br><br><br> (Super. Ct. No.<br>  37-2012-00101503-CU-BC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Nadia Haddada, in pro. per., and Osama A. Alkasabi, in pro. per., for Plaintiffs and Appellants.

John D. Feher for Defendant and Respondent.

## INTRODUCTION

Appellants Nadia Haddada and Osama A. Alkasabi filed this action against San Diego Financial Services, Inc. (SDFS) and numerous other defendants after SDFS acquired real property previously owned by appellants (the Property) at a trustee's sale. Appellants' complaint contained three claims against SDFS – to quiet title to the Property, to set aside the trustee's sale, and to void or cancel the trustee's deed upon sale. SDFS filed a motion for summary judgment. The trial court granted the motion for summary judgment and entered judgment in favor of SDFS.

On appeal, appellants have filed a materially deficient opening brief. Most fundamentally, appellants' brief fails to comply with California Rules of Court, rule 8.204(a)(1)(C), which requires that each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." The statement of facts in appellants' brief fails to properly cite to *any* evidence in the record relevant to this court's consideration of the trial court's order granting SDFS's motion for summary judgment.[1] The legal argument portion of appellants' brief does not contain a *single* citation to the record. Given the utter inadequacy of appellants'

---

[1] The statement of facts in appellants' brief contains numerous improper citations to two large blocks of pages in the record. (See *Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 611 ["block citations do not comply with California Rules of Court, rule 8.204(a)(1)(C) and frustrate the court's ability to evaluate the party's position"].) The documents referenced in these citations are the appellants' complaint, and a motion for reconsideration that the trial court denied.

brief, we are compelled to conclude that appellants have forfeited the issues that they have attempted to raise on appeal.  (See, e.g., *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 [appellant must "support arguments with appropriate citations to the material facts in the record," and if an appellant fails to provide such citations, "the argument is forfeited"].)  Accordingly, we affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Appellants filed a complaint against numerous entities, including SDFS.  The complaint contained 12 causes of action, labeled as follows: negligence; fraud; void or cancel assignment of deed of trust; breach of contract; breach of implied covenant of good faith and fair dealing; unjust enrichment; violation of Business and Professions Code section 17200; quiet title; slander of title; set aside trustee's sale; void or cancel trustee's deed upon sale; and wrongful foreclosure.  Three of the causes of action—those for quiet title, to set aside trustee's sale, and to void or cancel trustee's deed upon sale— can be reasonably interpreted to have been brought against SDFS.[2]

The gist of all of appellants' claims against SDFS is that SDFS obtained the Property through a trustee's sale that was invalid.

---

[2]    The complaint is not a model of clarity.  For example, none of the 12 causes of action "specifically state" to which party or parties the cause of action is directed, as required by California Rules of Court, rule 2.112.  Further, while the complaint makes numerous allegations against "Defendants" concerning loans related to the Property and the foreclosure of a deed of trust on the Property, paragraph 11 expressly defines "Defendants" as entities *other than* SDFS.  As stated in the text, reasonably interpreted, only three of the 12 causes of action in the complaint were brought against SDFS.

SDFS filed a motion for summary judgment in which it contended that the trustee's sale was valid, and that the appellants' allegation to the contrary was "nonsensical." Specifically, SDFS argued that appellants appeared to allege in their causes of action against SDFS that the trustee's sale was invalid because a first deed of trust on the Property that was foreclosed upon had been improperly assigned. SDFS argued that this claim was without merit because the evidence demonstrated that in fact, the first deed of trust had never been assigned. SDFS requested that the trial court take judicial notice of various documents related to the Property and the trustee's sale through which it obtained the Property.

Appellants filed an opposition to the motion for summary judgment. In their opposition, appellants contended that SDFS failed to carry its burden of proof in moving for summary judgment because it had not filed any declarations in support of its motion. Appellants further contended that a triable issue of fact existed with respect to its claims against SDFS, in light of various admissions made by SDFS in discovery, the "Deposition of Defendant," and Osama Alkasabi's declaration. However, appellants' opposition did not explain the purported significance of the absence of a declaration from SDFS or of the affirmative evidence referenced in their opposition.

4

The trial court granted the motion for summary judgment. In its order granting the motion, the court stated in part, "The recorded documents[3] demonstrate that this was a properly conducted trustee's sale, and that [SDFS] is a bona fide purchaser for value."

That same day, the trial court denied a motion for leave to amend the complaint that appellants apparently filed.[4] In its order denying this motion, the court stated that the motion was procedurally defective in that it failed to comply with California Rules of Court, rule 3.1324(a) and (b), because the motion failed to detail the allegations proposed to be deleted or added and failed to explain why such amendment would be necessary and proper.

The trial court entered judgment in favor of SDFS on September 9, 2013.[5]

Appellants timely appeal from the judgment.

_____

3    In its order, the trial court granted SDFS's request to take judicial notice of various documents related to the Property.

4    The motion for leave to amend the complaint is not in the record.

5    The record contains appellants' motion for reconsideration of the trial court's summary judgment order. The motion does not contain a file stamp, but is dated September 9, the same day that the trial court entered judgment in favor of SDFS. The trial court denied the motion for reconsideration on November 1. In denying the motion, the court stated, "A motion for reconsideration may only be considered before the entry of a judgment," and reasoned that since the court had already entered judgment in favor of SDFS, it would "not address the merits" of appellants' motion for reconsideration.

5

III.

DISCUSSION

Appellants claim that the trial court erred in granting SDFS's motion for summary judgment.[6]

A.     *Governing law*

"As with any civil appeal, we must presume the judgment is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the judgment." (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251.)

In order to defeat this presumption and to obtain a reversal of a judgment, an appellant must comply with several basic rules. Compliance with such rules is necessary in order for this court to meaningfully perform its role as a reviewing court. To the extent that an appellant's brief fails to comply with these fundamental rules, this court is required to employ the presumption of correctness and affirm the judgment.

It is not this court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. Rather, an appellant is required

---

[6]     Appellants also claim that the trial court erred in denying their motion for leave to file a proposed first amended complaint. It is appellants' burden to provide an adequate record to review their claims. (See, e.g., *McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1211.) Neither appellants' motion for leave to file an amended complaint, nor the proposed first amended complaint, is in the record. Accordingly, we reject appellants' claim that the trial court erred in denying their motion for leave to file an amended complaint. (See *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 972 ["We affirm the order because the record [appellant] provided is inadequate for us to fully assess his arguments on appeal"].)

to present a cognizable legal argument in support of reversal of the judgment.  "When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary."  (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)  "Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, [they are] waived."  (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)  Further, an appellant is required to explain the relevance of facts cited in his brief.  This court is not "obligate[d] . . . to cull the record for the benefit of the appellant."  (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)

An appellant is also required to provide *proper* citations to the record.  (See *Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1258, fn. 12 [noting brief did not comply with Cal. Rules of Court, rule 8.204(a)(1)(C) in that it failed to contain "proper citations to the appellate record"].)  It is well established that an appellant who fails to provide proper citations to the record to support appellate claims may be deemed to have forfeited such claims.  (See e.g., *South County Citizens for Smart Growth v. County of Nevada* (2013) 221 Cal.App.4th 316, 331 [the failure to present argument with references to the record results in a forfeiture of any assertion that could have been raised]; *In re Estates of Collins & Flowers* (2012) 205 Cal.App.4th 1238, 1251, fn. 11 ["Because [party] provides no record citations to support this claim, it is forfeited"]; *Outfitter Properties, LLC v. Wildlife Conservation Bd.* (2012) 207 Cal.App.4th 237, 248 [concluding appellant forfeited contention that was "not accompanied by citation to the

7

record"]; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 ["[T]he trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, *supported by appropriate citations to the material facts in the record*; otherwise, the argument may be deemed forfeited" (italics added); *Nielsen v. Gibson*, *supra*, 178 Cal.App.4th at p. 324].)

A party is not exempt from the rules of appellate practice, including the requirement that briefs contain proper citations, because the party is representing himself in propria persona. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 ["as is the case with attorneys, pro. per. litigants must follow correct rules of procedure" and concluding litigant forfeited claims for failing to present argument supported by "specific citations to the record" (*id.* at p. 1245, fn. 14)].)

B.     *Application*

As noted in the part I., *ante*, appellants' brief is materially deficient in that it fails to *properly* cite to *any* evidence in the record in support of the claims contained in the brief. Appellants have thus forfeited the contentions that they seek to raise on appeal. (See, e.g., *Nielsen v. Gibson*, *supra*, 178 Cal.App.4th at p. 324.)[7] Accordingly, we conclude that the trial court did not err in granting SDFS's motion for summary judgment.

---

[7]     Despite the deficiencies in appellants' opening brief, we have reviewed, to the best of our ability, the claims raised in the brief. Appellants' primary contention appears to be that SDFS's admissions, made in the discovery process, that it did not have information concerning various aspects of the foreclosure process, establishes a triable issue of fact as to the validity of the trustee's sale. However, since appellants have neither alleged nor presented any evidence demonstrating that SDFS was anything other than a third party

IV.

DISPOSITION

The judgment is affirmed.  Appellants are to bear costs on appeal.

 

 

_____

AARON, J.

WE CONCUR:


_____

HALLER, Acting P.J.


_____

O'ROURKE, J.


_____

purchaser of the Property at the trustee's sale, SDFS's admissions that it was unaware of various aspects of the foreclosure process do not establish a triable issue of fact as to appellants' claims against SDFS.

Appellants also contend that "new facts from SDFS's oral deposition support the motion for reconsideration and the denial of the motion for summary judgment."  We see nothing in the statements from the deposition referenced in appellants' brief that would demonstrate the existence of a triable issue of fact on any of appellants' claims against SDFS.  Appellants' contention that SDFS was not a bona fide purchaser for value because of its alleged access to "insider information" also appears to be meritless.  Finally, we see no merit in appellants' claim that the trial court erred in granting a motion for summary judgment on the basis of recorded documents rather than a declaration.