Filed 12/29/15  Goodwin v. Truong CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FRANK GOODWIN, | B258651 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. KC062033) |
| v. | |
| PATRICK B. TRUONG, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert A. Dukes, Judge.  Affirmed.

Frank Goodwin, in pro. per., for Plaintiff and Appellant.

Schmid & Voiles, Denise H. Greer and Lawrence D. Wong for Defendant and Respondent.

In this medical malpractice case, plaintiff and appellant Frank Goodwin appeals from the judgment entered after the trial court granted defendant and respondent Patrick Truong's motion for summary judgment, and denied Goodwin's motion for reconsideration. Goodwin contends the trial court erred by denying the reconsideration motion. We affirm.

BACKGROUND

On September 6, 2011, Goodwin filed a complaint against Dr. Anthony Oh and San Dimas Community Hospital, alleging causes of action for professional negligence and medical battery.[1] The complaint alleged that the Hospital and Oh were negligent in regard to treatment rendered to Goodwin for a "foreign body in colon, resulting in various injuries and damages," and committed medical battery by performing an exploratory laparotomy to which Goodwin had not consented. Truong was added as a Doe defendant on January 16, 2013.

1. *Doctor Woolf's declaration*

In 2014, Truong moved for summary judgment. Goodwin, acting in propria persona, opposed the motion. In support of his opposition, Goodwin presented the expert declaration of Dr. Graham Woolf. Woolf's declaration stated the following. On October 3, 2010, Goodwin visited the emergency room at San Dimas Community Hospital for removal of a 55-millimeter soft ball that was lodged in his lower colon. The ball's outer covering consisted of a material similar to a balloon, and the ball was smooth, malleable, and filled with a non-toxic liquid. Goodwin told the emergency room physician, Dr. James Pagano, that he would like to have a gastroenterologist remove the ball with a colonoscope. Pagano called Dr. Oh, a surgeon, to consult on removal of the ball as suggested. Oh told Pagano that he did not perform colonoscopies. Goodwin was admitted to the hospital by Dr. Zouhair Hakak. Late that night, Dr. Oh examined

---

**1**    Goodwin has neglected to include the complaint in the record on appeal. We take judicial notice of the complaint in Goodwin's related appeal in case No. B254135. (Evid. Code, § 452, subd. (d).)

2

Goodwin and suggested a rigid proctosigmoidoscopy under anesthesia to retrieve the ball. Goodwin declined, hoping instead to pass the ball naturally with the help of a laxative he had been given. The next morning, when the ball had not passed, Goodwin told a nurse that he "wanted a gastroenterologist to do a colonoscopy and remove the ball." The nurse said she called Dr. Oh to reevaluate Goodwin for surgery. Truong, who had been summoned for a "gastroenterology consult," visited Goodwin that morning. Truong "noted that Dr. Oh had already seen the patient. Dr. Truong told the patient that a doctor would remove the ball in the afternoon. There was no note written by Dr. Truong in the chart." Around noon, the nurse had Goodwin sign consent forms for a rigid proctosigmoidoscopy and possible exploratory laparotomy, but Goodwin did not read them. That afternoon Goodwin was anesthetized and Oh performed the rigid proctosigmoidoscopy. When Oh was unable to see the ball, he performed an exploratory laparotomy. Unable to "milk" the ball down into the rectum, he made an incision into the colon and removed the ball. The nurse's notes for the following day, October 5, 2010, reflected Goodwin's statements that he was " 'upset because he did not want to be "cut on" and thought instead they would use a probe to cut the ball up so it would pass naturally.' "

On December 1, 2010, Goodwin was hospitalized at another facility for severe abdominal pain. Doctors determined he had extensive scar tissue and adhesions, which had caused a bowel obstruction. Goodwin remained in the hospital for nine days. The adhesions and blockage were due to the October 4 surgery.

According to Woolf, Goodwin's main complaint was that he told doctors Pagano and Hakak that he wanted a colonoscopy to remove the ball, had declined Oh's suggestion he have surgery, and was never told he was to undergo a laparotomy to remove the ball. Had he been told, he would have refused the surgery.

3

Woolf opined that a physician should perform a careful evaluation of a patient's medical condition, make a diagnosis, and decide upon appropriate treatment. The ball should have been removed via a colonoscopy. Unlike the shorter sigmoidoscope, a colonoscope would have been able to reach and visualize the ball. Once visualized, "it would have been simple to use a snare or a grasping forceps which could either pull the ball out intact or could intentionally rupture the ball, allowing the liquid to drain out and remove the ball in a deflated form." (Boldface omitted.) Such a procedure would have cost less and carried a much lower risk of bleeding and adhesions. Had the colonoscopy procedure been used, both surgeries and the obstruction would have been prevented.

Dr. Woolf opined that Goodwin had told doctors Pagano, Hakak, and Oh, and the nurse, of his wishes, which should have been followed. Although "laparotomy" had been written on the consent form, "an acknowledgment from the patient must be given to constitute a properly executed informed consent."

Woolf opined as to Truong: "Dr. Truong should have conducted a gastroenterology consult when he visited the patient in the morning of October 4, 2010. No consult was submitted."

2. *The trial court's ruling*

On June 5, 2014, the trial court granted Dr. Truong's summary judgment motion. Truong's expert's declaration declared that Truong had complied with the standard of care, and to a reasonable degree of medical probability, no act or omission by Truong contributed to Goodwin's injury.[2] Truong had thus met his burden to establish that no triable issue of fact existed. Goodwin had not met his burden to produce competent expert opinion to the contrary. The statement that Truong could or should have conducted a gastroenterology consult was not relevant. Criticism of, or disagreement with, a physician's conduct did not establish a breach of the standard of care. Goodwin could meet his burden only by showing Truong failed to comply with the standard of care

---

[2]     Truong's expert's declaration has not been made a part of the record on appeal.

4

in the community, and that to a reasonable degree of medical probability, his conduct was a cause of Goodwin's injury. Woolf, however, had not opined as to either of those issues.

3. *The motion for reconsideration*

On June 11, 2014, Goodwin filed a document captioned, "Notice of Plaintiff's Motion for Reconsideration of Order Grant[ing] Patrick Truong's Motion for Summary Judgment." The document stated only that the motion for reconsideration would be heard on August 5, 2014, and that "Plaintiff will submit memorandum [of] points and authorities, and other supportive documents at a later time." No documents were attached to the motion.

On July 11, 2014, Goodwin filed the additional materials. In a short memorandum of points and authorities, he cited the basis for the trial court's ruling and argued: "Now, plaintiff introduces a new edition of expert's declaration in this motion for reconsideration." Goodwin pointed to a portion of Dr. Woolf's new declaration relating to Truong. It read: "Dr. Patrick Truong was the gastroenterologist called to consult on the patient in the morning of October 4, 2010. To perform a consultation means to provide a diagnosis and/or treatment. The consultant is required by CMS MM4215 to produce a written report. In this case, Dr. Truong visited [the] patient and told the patient that a doctor would come to remove the ball in the afternoon. Dr. Truong was asked to consult and see the patient but did not diagnose or treat the patient and did not produce a written report, pursuant to CMS MM4215. If Dr. Truong had performed [a] colonoscopy with foreign body removal, then both surgeries and the small bowel obstruction would have been prevented. Therefore, Dr. Truong acted below the standard of care and contributed to the patient's injury."

On August 5, 2014, the trial court denied the motion for reconsideration. First, it found the motion was untimely, in that it was required to have been filed within 10 days after the service of notice of entry of the order. (Civ. Proc. Code, § 1008, subd. (a).)[3] Second, a motion for reconsideration must be based on new or different facts,

---

**3** All further undesignated statutory references are to the Code of Civil Procedure.

circumstances, or law.  (§ 1008, subd. (a).)  Goodwin had failed to meet this burden.  His motion failed to raise new or different facts which could not have been offered at the earlier hearing.  Third, even if Woolf's new declaration was considered, Woolf failed to opine to a reasonable degree of medical probability that Truong caused Goodwin's injury.

On the same date, the trial court entered judgment in favor of Truong.

DISCUSSION

Goodwin states in his briefing that he is not appealing from the summary judgment entered on June 5, 2014, which he concedes was not erroneous.  Instead, he appeals only the court's order denying reconsideration of the motion.

Preliminarily, we note that the record on appeal is inadequate.  It does not contain the complaint, Truong's summary judgment motion, Truong's separate statement of undisputed facts, his expert's declaration, his opposition to the motion for reconsideration, or a reporter's transcript.  Goodwin, as the plaintiff and moving party, had the burden of providing an adequate record.  (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)  The trial court's order is presumed correct (*People v. JTH Tax, Inc.* (2013) 212 Cal.App.4th 1219, 1259), and the appellant must affirmatively show error by an adequate record.  (*Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 976.)  To demonstrate error, an appellant must present meaningful legal analysis supported by citations to authority.  (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 337.)  Goodwin's opening brief offers almost no authority in support of his contentions, providing only a citation to section 1005.5.  Nonetheless, because we are able, even on this limited record, to determine that the trial court's ruling was proper, we consider Goodwin's appeal rather than dismissing it as Truong requests.

6

1. *Contentions of the parties*

Goodwin attacks each basis for the trial court's denial of the reconsideration motion. He argues that the motion was timely. He points out that he filed the document entitled "Notice of Plaintiff's Motion for Reconsideration of Order Grant[ing] Patrick Truong's Motion for Summary Judgment" on June 11, 2014, within 10 days of the order granting summary judgment. Section 1005.5 states, "A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled." In light of section 1005.5, Goodwin contends this first notice sufficed. In opposition, Truong argues, among other things, that while the notice was served and filed within 10 days, it cited no grounds for relief, contained no supporting papers, and could not be considered a "motion." Citing California Rules of Court, rule 3.1112, subdivision (a), Truong urges that a motion must consist of at least a notice of hearing, the motion itself, and a supporting memorandum.

Goodwin also contends the motion eventually filed on July 11 raised new or different facts, in that Dr. Woolf expanded upon his opinion and added that Truong acted below the standard of care and contributed to Goodwin's injury. Truong counters that the "new edition" of Woolf's declaration does not describe any new fact, circumstances, or law discovered after the June 5, 2014, summary judgment hearing.

Finally, Goodwin urges that the new edition of Woolf's declaration was sufficient to establish Truong caused Goodwin's injury and acted below the standard of care. Truong argues that even if considered, Woolf's new declaration remains deficient to establish causation.

7

2. *Goodwin has failed to demonstrate that the trial court's ruling was an abuse of discretion.*

Section 1008 provides that parties who wish to move for reconsideration of an order must do so within 10 days after service of notice of entry of the order, and the request must be based upon new or different facts, circumstances, or law. (*Case v. Lazben Financial Co.* (2002) 99 Cal.App.4th 172, 179.) Code of Civil Procedure section 1008 provides in pertinent part: "(a) When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." A trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard. (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.)

"Section 1008, subdivision (a) requires that a motion for reconsideration be based on new or different facts, circumstances, or law. A party seeking reconsideration also must provide a satisfactory explanation for the failure to produce the evidence at an earlier time." (*New York Times Co. v. Superior Court, supra,* 135 Cal.App.4th at p. 212; *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839; *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 46, fn. 15; *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 689-690.)

Goodwin's motion failed to meet these requirements. First, the trial court correctly concluded the motion was untimely. The notice filed on June 11, 2014, did not comply with section 1008. Goodwin did not state, by affidavit or otherwise, in the June 11, 2014, document, what new or different facts, circumstances, or law existed to support the motion. He offers no authority suggesting that Code of Civil Procedure

8

section 1005.5, the only authority cited in support of his argument, overrides the requisites of section 1008. The argument, raised for the first time in his reply brief, that the trial court improperly confused the words "made" with "filed," is not persuasive.

Second, even if considered timely, Goodwin's motion did not set forth any new or different facts, circumstances, or law. It simply supplemented Dr. Woolf's opinion based on facts and circumstances already well known to the parties. The edits to the "new edition" do not constitute new and different facts as that term is used in section 1008. (See *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC, supra,* 61 Cal.4th at p. 836, fn. 3 ["to permit a party to satisfy section 1008's requirement of showing ' "new or different" facts' simply by offering 'anything not previously "presented" to the court' would have '[t]he miserable result . . . [of] defeat[ing] the Legislature's stated goal of reducing the number of reconsideration motions and would remove an important incentive for parties to efficiently [marshal] their evidence' "]; *Garcia v. Hejmadi, supra,* 58 Cal.App.4th at p. 690 [requirements of section 1008 not met where the additional information consisted of the plaintiff's own declared knowledge, and was always in his possession]; *California Correctional Peace Officers Assn. v. Virga, supra*, 181 Cal.App.4th at pp. 46-47, fn. 15; *Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1468 [physician's declaration was "improper for reconsideration because it could have been presented with the original motion"].)

Moreover, Goodwin's explanation of why the revised declaration was not provided at the time he opposed the summary judgment motion is lacking. Goodwin explains in his reply brief that he "verbally explained" to the trial court why the information had not been provided earlier: " 'I apologized to Judge Dukes that because Dr. Woolf and I lacked legal experiences and did not know what should have been written in the declaration, and we only learned that our first declaration was defect[ive] from reading [the] court's order, so we wrote a new declaration and cured the defects. I requested [the] court to excuse me from this negligence.' " Assuming arguendo, in the absence of a reporter's transcript, that Goodwin verbally provided this explanation to the court below, it was insufficient. Goodwin offers no authority for the proposition that his

9

mere ignorance of the law is a satisfactory explanation. (See *Garcia v. Hejmadi, supra,* 58 Cal.App.4th at pp. 687, 690 [plaintiff's explanation that information had been omitted due to oversight was not a satisfactory explanation].)

Finally, we reject Goodwin's argument that the new edition of Woolf's declaration was sufficient to establish Truong caused Goodwin's injury and acted below the standard of care. The record on appeal is insufficient to support this contention. As noted, the trial court's order is presumed correct and the appellant must affirmatively show error by an adequate record. (*Gonzalez v. Rebollo, supra,* 226 Cal.App.4th at p. 976; *People v. JTH Tax, Inc., supra,* 212 Cal.App.4th at p. 1259.) The record before us omits Truong's summary judgment motion and supporting documents, as well as the declaration of Truong's expert. The absence of these materials precludes meaningful consideration of this contention.

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to cost.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, J.

We concur:

EDMON, P. J.

JONES, J.*

---

**\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.