Filed 2/9/24  I.M. v. Michael A. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| I.M., <br><br>     Respondent, <br><br>     v. <br><br> MICHAEL A., <br><br>     Appellant. | D081844 <br><br><br> (Super. Ct. No. 21FDV06185C) |

APPEAL from an order of the Superior Court of San Diego County, Paula S. Rosenstein, Judge.  Affirmed.

Michael A., in pro. per., for Appellant.

No appearance for Respondent.


Michael A. appeals from an order granting I.M.'s request to renew a domestic violence restraining order (DVRO) against him.  He contends that the trial court abused its discretion in granting the renewal because I.M. failed to meet her burden to demonstrate that she had a reasonable fear of future abuse.  Michael further contends the trial court improperly considered I.M.'s subjective fear and failed to take into consideration the purposes of the

Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.)[1] and the separation of the parties. Because the record Michael has provided is inadequate for appellate review, we must presume the trial court ruled correctly. Accordingly, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In January 2022, a trial court granted I.M.'s DVRO request against her ex-boyfriend Michael after an evidentiary hearing. I.M. represented herself at the hearing, and Michael was represented by an attorney. The original restraining order was set to expire in January 2023.

Before the original order expired, I.M. filed a request to renew it. The trial court held an evidentiary hearing on the request in December 2022. Both parties appeared pro se.

According to the minute order from the December 2022 hearing, the trial court reviewed Michael's response to the renewal request, heard testimony from I.M. and Michael, and reviewed documents submitted by both parties. The hearing minute order reflects that I.M. testified she learned from a friend that Michael was making derogatory comments about her, and I.M. began checking Michael's "status as a protection for herself."[3] Michael

---

[1]    Further undesignated statutory references are to the Family Code.

[2]    As we will explain, the appellate record supplied by Michael is insufficient to support a proper factual and procedural summary. We provide the following summary based on the trial court's minute order summarizing the evidentiary hearing, the original order granting I.M.'s DVRO request, and the order renewing the DVRO.

[3]    As noted, the appellate record is devoid of a transcript (or suitable substitute) and any documentary evidence presented to the trial court. We therefore do not have additional context for the testimony summarized in the minute order. We surmise based on the numerous references to "comments,"

2

made daily "comments . . . about taking his revenge" and called I.M. derogatory names in many posts. I.M. also testified that in an August 2022 post, Michael talked about a friend who killed his girlfriend and then killed himself. I.M. further told the court that she received a letter from Michael "stating that if she was really scared, she would have moved or change[d] her phone number." I.M. further testified that she was afraid for herself, her children, and her home, and she was also afraid Michael's friends would harm her.

The trial court questioned Michael regarding several "posts" he had made in 2022, including some about I.M. Michael testified that he never named I.M. in his posts and claimed he had left her alone since the restraining order was put in place. The hearing minutes provide that the court noted that Michael's posts were "written with a lot of anger," were "offensive," and referred to I.M. "as a pig, a cockroach, and a derogatory name." The minutes further reflect the court's "concern . . . that [Michael's] anger is the same [in] November 2022 as it was in April 2022."

The court concluded that some of Michael's posts were in fact about I.M. and informed him that posting about her was a violation of the restraining order. The court then granted a five-year renewal of the restraining order.

Michael timely filed a notice of appeal.

## DISCUSSION

A DVRO "may be renewed, upon the request of a party, either for five or more years, or permanently, at the discretion of the court, without a showing of further abuse since the issuance of the original order." (§ 6345,

---

"posts," and "status" that the court and parties were discussing content Michael posted to social media, but it is unclear.

subd. (a).) A request for a renewal should be granted where "the protected party entertains a reasonable apprehension of future abuse." (*Michael M. v. Robin J.* (2023) 92 Cal.App.5th 170, 179.) "[T]his does not mean the court must find it is more likely than not future abuse will occur if the protective order is not renewed. It only means the evidence demonstrates it is more probable than not there is a sufficient risk of future abuse to find the protected party's apprehension is genuine and reasonable." (*Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1290.) In making this determination, "the trial judge ordinarily should consider the evidence and findings on which that initial order was based in appraising the risk of future abuse should the existing order expire." (*Ibid*.) Also potentially relevant are any significant changes in the circumstances under which the initial order was granted and any perceived burdens imposed by the DVRO on the restrained party. (*Id.* at p. 1291.)

We generally review a ruling on a DVRO renewal request for abuse of discretion. (*Perez v. Torres-Hernandez* (2016) 1 Cal.App.5th 389, 396.) In reviewing the trial court's factual findings, we apply a substantial evidence standard of review. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505.) This standard is "generally considered the most difficult standard of review to meet, as it should be, because it is not the function of the reviewing court to determine the facts." (*In re Michael G.* (2012) 203 Cal.App.4th 580, 589.)

Michael cannot meet this standard, because his failure to provide a complete record on appeal precludes a finding of error. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187 (*Foust*) [" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' "]; *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 977 ["Without a complete record, we are unable to determine whether substantial

4

evidence supported the implied findings underlying the trial court's order."].)
This "follows from the cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust*, at p. 187, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is Michael's burden as the appellant to make this showing. (*Foust*, at p. 187; see also *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 (*Elena S.*) [" 'It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' "].) In the absence of such a showing in the record, we must make all presumptions in favor of the trial court's action. (*Foust*, at p. 187.) Michael is not exempt from these rules of appellate review merely because he is self-represented. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Here, the minute order from the evidentiary hearing indicates that before issuing the DVRO renewal order, the trial court heard the testimony of Michael and I.M. and reviewed documents lodged by both parties. However, the record on appeal does not contain a reporter's transcript or settled statement. Nor does it contain any of the documents reviewed by the trial court. In other words, although Michael contends the court abused its discretion and there was insufficient evidence to support the DVRO renewal, he has provided us with none of the evidence presented to the court. "Without a reporter's transcript or the exhibits presented at [the hearing] we cannot undertake a meaningful review of [Michael]'s argument on appeal." (*Foust, supra*, 198 Cal.App.4th at p. 187.) Instead, we "must presume the trial court acted properly." (*Elena S., supra*, 247 Cal.App.4th at p. 576 [affirming DVRO where appellant failed to provide transcript of relevant oral

5

proceedings in trial court].)  We therefore conclude that the trial court did not err in granting I.M.'s request to renew the DVRO against Michael.

DISPOSITION

The order is affirmed.  Michael is to bear his own costs on appeal.


BUCHANAN, J.

WE CONCUR:


DO, Acting P. J.


CASTILLO, J.