Filed 5/31/24  County of Kern Dept. of Child Support Services v. Simons CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| COUNTY OF KERN DEPARTMENT OF CHILD SUPPORT SERVICES, | F086547 |
| Plaintiff and Respondent, | (Super. Ct. No. S1501DA779764) |
| v. | |
| MARCEL SIMONS, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Cynthia L. Loo, Judge.

Marcel Simons, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P. J., Franson, J. and Snauffer, J.

Appellant Marcel Sims appeals from an order denying his motion to set aside a judgment of paternity and grant DNA testing. On appeal, appellant contends that he should be granted DNA testing because he never met the child or consented to the child being his. Appellant elected to proceed on appeal without an adequate record of the proceedings in the trial court. Because the record is inadequate to assess his claim of error, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

The lack of an adequate record prevents us from understanding the factual and procedural history of the present case. The record consists of a 22-page clerk's transcript containing three documents (not including the notice of appeal and notice designating the record on appeal): a printout of the superior court's register of actions for the case, a minute order, and order after hearing. A court reporter was not present for the hearing, and a respondent's brief was not filed. Thus, we will summarize the factual and procedural history as best we can given the limited record presented.

The register of actions printout reveals that in 2005, the County of Kern Department of Child Support Services (DCSS) began proceedings against appellant. On September 23, 2005, a judgment of parental obligations was entered after DCSS filed a request to enter default. In February 2013, a supplemental complaint was filed by DCSS, and it was followed by a request to enter default. A default supplemental judgment was entered on May 7, 2014.

On March 25, 2019, appellant filed a request to set aside judgment or order for child support for three children. At a hearing held on May 1, 2019, appellant testified in

---

[1]     The record provided on appeal appears incomplete. An appellant has the burden of providing an adequate record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) The failure to provide an adequate record on an issue requires that the issue be resolved against appellant. (*Id*. at pp. 1295−1296.) Our review of the matter is based on the record as presented.

support of his request, and the trial court denied the request because it was filed beyond the statute of limitations.

In January 2023, appellant filed a request to set aside the judgment of paternity and conduct DNA testing. DCSS responded by declaration on April 3, 2023.[2] The trial court held a hearing on April 11, 2023, and appellant was present. The hearing proceeded without a court reporter, and the minute order does not indicate that appellant testified. The order after hearing, dated April 28, 2023, indicated that appellant's request was denied, and all orders previously made were to remain in full force and effect. On July 11, 2023, appellant filed a notice of appeal.

## DISCUSSION

Appellant challenges the trial court's order denying his request to set aside the paternity judgment and conduct DNA testing. The sole contention in his brief is that DNA testing should have been granted because he had not met the child or consented to being the child's father. Because we do not have the request itself in the record before us, we cannot determine the basis for appellant's request to set aside the judgment of paternity. All that is known from our record is that appellant filed the request, and that request was denied. Such a ruling rests in the court's discretion, and our review is limited to "determining whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion." (*In re Marriage of De Guigne* (2002) 97 Cal.App.4th 1353, 1360.)

" ' " 'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its

---

[2]     The record does not contain a copy of either pleading.

3.

opinion and thereby divest the trial court of its discretionary power.' " ' " (*Acosta v. Brown* (2013) 213 Cal.App.4th 234, 244.)

To the extent that appellant challenges the trial court's refusal to set aside the paternity judgment and order DNA testing, the record appellant provided is inadequate to allow us to rule in his favor. It lacks any of the pleadings filed in support or in opposition to his request, and there was no reporter's transcript of the hearing. In the absence of the moving papers and transcript, we cannot determine what evidence supported the court's order or the reasons the court exercised its discretion as it did. In such a case, "[t]he evidence is presumed sufficient to support the judgment." (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003; see also *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 976−977 [rejecting a husband's challenge to family court order where appellate record does not contain all evidence introduced below on child support issue or hearing transcript].)

Moreover, appellant's brief does not provide an adequate summary of the procedural facts or of the evidence submitted related to his request, and it contains assertions of fact that are not supported by citations to authority or facts in the record. We acknowledge that appellant is representing himself in this appeal and has not had the formal legal training that would be beneficial in advocating his position. However, the rules of civil procedure apply with equal force to parties in propria persona as they do those represented by attorneys. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

In sum, appellant's claim is forfeited because he has not supported it with citations to the record or with any meaningful argument. Further, because appellant has failed to provide an adequate record from which we may evaluate his claim that the trial court erred in denying his request, we must resolve the claim against him.

## **DISPOSITION**

The order is affirmed.  Each party shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278,(a)(5).)