Filed 8/25/25  Conservatorship of the Person and Estate of Martin CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| Conservatorship of the Person and Estate of REX MARTIN. | B335353 |
| CHEVON MARTIN ROBINSON, Petitioner and Respondent, v. WALTER MARTIN, Individually and as Trustee, etc., Objector and Appellant. | (Los Angeles County Super. Ct. No. 18AVPB00069) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen T. Morgan, Judge.  Affirmed.

Walter Martin, in pro. per., for Objector and Appellant.

The Thomas Firm and Emanuel Thomas for Petitioner and Respondent.

_____

Walter E. Martin appeals a probate court order removing him as trustee of the Gesner L. Martin Trust (Trust). (Prob. Code, § 1300, subd. (g).)[1] The court appointed respondent Chevon Martin Robinson as successor trustee. We conclude: (1) the case was not stayed in probate court when appellant filed a notice of appeal from a prior, nonappealable order, and (2) absent any evidence in our record to support appellant's claims, we must presume that substantial evidence supports the probate court's factual findings and it did not abuse its discretion by removing appellant as trustee. We affirm.

## FACTS AND PROCEDURAL HISTORY
### Background

Gesner L. Martin established the Trust in 2011. Appellant was named trustee in 2012. The Trust became irrevocable when the settlor died in January 2018. Trust beneficiaries include appellant and his brother Rex Martin (Rex), who are the settlor's children. Respondent is Rex's daughter.

In 2018, respondent petitioned the probate court to establish a conservatorship for Rex. The petition is not in our record. In accordance with customary rules of appellate review, we presume the petition invoked the probate court's powers to instruct appellant to distribute funds to Rex—the beneficiary of the Trust's "special needs" provision—and to account for Trust assets. (§ 17200, subd. (b)(6), (7).)

Appellant participated in a hearing on the petition on August 23, 2018. At the hearing, the court asserted jurisdiction over the Trust, froze the assets of the special needs trust, and suspended appellant as trustee of the special needs trust. It

---

[1] Undesignated statutory references are to the Probate Code.

2

ordered appellant to give Rex's appointed counsel a copy of the Trust and an accounting. The record does not show that appellant objected to the court's jurisdiction, to freezing assets, or its order to provide an accounting.

On March 6, 2019, the court suspended appellant as trustee. Four years later, he filed a motion to vacate the suspension order. Appellant and his attorney attended the hearing on his motion to vacate, on July 3, 2023. The probate court denied his motion, finding insufficient evidence to disturb the 2019 suspension order.

### The Court Removes Appellant as Trustee

In July 2023, respondent petitioned to remove appellant as trustee. She argued that he violated court orders by continuing to manage Trust assets and failing to account for them. Respondent asked the court to appoint her as successor trustee and order appellant to deliver Trust assets to her.[2]

Appellant participated in a hearing on the petition on November 9, 2023. He did not object to probate court jurisdiction. Respondent's counsel told the court he did not receive a copy of the Trust from appellant. The Trust's CPA submitted an accounting that raised questions about loans between appellant and the Trust. The CPA appeared virtually, was sworn and began to testify, but technical difficulties arose and the transcription ended. The record does not show the court was asked to continue the matter until the technical problems were resolved.

The court granted respondent's motion, removed appellant as trustee, and appointed respondent as successor trustee. It

---

[2] Our record contains no opposition to respondent's motion.

ordered appellant to account for all Trust assets from 2011 to November 2023, and deliver them to respondent. The court denied appellant's request for ex parte relief.[3] Appellant appealed the order removing him as trustee.

## DISCUSSION

### 1. The Matter Was Not Stayed

Appellant argues that the court could not remove him as trustee because the case was stayed by a pending appeal. An appeal generally stays trial court proceedings. (Code Civ. Proc., § 916.) The stay protects appellate jurisdiction " 'by preserving the status quo until the appeal is decided.' " (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 (*Varian*).)

Appellant points to an appeal he filed in August 2023, arising from his motion to vacate the March 2019 order. We dismissed his appeal because the Probate Code does not allow appeals from the denial of a motion made under Code of Civil Procedure section 473. (*Conservatorship of Martin,* B333262 [nonpub. dismissal order filed Aug. 12, 2025].) This court never had jurisdiction to consider the appeal; therefore, further probate court proceedings did not "render the 'appeal futile.' " (*Varian, supra,* 35 Cal.4th at p. 198.) The probate court could continue to act without interfering with the appellate process.

### 2. Review of the Trustee Removal Order

The order removing appellant as fiduciary is appealable. (§ 1300, subd. (g).) We review the order for abuse of discretion. " 'The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary

---

[3] The subject of appellant's ex parte motion is unknown because his moving papers are not in our record.

4

and capricious.' " (*Estate of El Wardani* (2022) 82 Cal.App.5th 870, 879–880.) Appellant did not provide a sufficient evidentiary record to show the probate court abused its discretion.

" ' "A fundamental principle of appellate practice is that an appellant ' "must affirmatively show error by an adequate record. . . . Error is never presumed. . . . 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent . . . .' " ' " [Citation.]' [Citations.] The appellate court is limited to considering matters in the record of the trial proceedings; matters not presented by the record cannot be considered on the suggestion of the parties in their briefs." (*Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 976; *In re Hochberg* (1970) 2 Cal.3d 870, 875.)

Appellant has not presented any evidence show that the probate court's ruling is *in*correct. We must presume, in the absence of citable evidence, that the court's factual findings are supported by substantial evidence, and it did not abuse its discretion by removing appellant as trustee.

For example, appellant claims he "diligently administered the Trust in accordance with its terms." No evidence in our record supports his claim. He recites a purported Trust provision forbidding some beneficiaries from acting as trustee, including respondent; however, the record does not contain this provision, or an authenticated copy of the Trust instrument itself. Appellant claims counsel had conflicts of interest, without citing the record.

Appellant argues that the court erred by removing him and appointing respondent "despite clear evidence of Chevon's lack of qualifications and multiple viable alternatives being proposed."

5

There is no evidence in our record about respondent's qualifications (or the lack thereof), nor is there evidence of "viable alternatives." If there is a transcript evidencing appellant's claims, we did not receive it.[4]

Appellant argues that respondent did not file a petition under section 17200, asking the court to exercise control over the Trust's internal affairs. However, he acknowledges that a trustee may be removed "by the court on its own motion" if it finds the trustee has committed a breach of the trust, is unfit, fails to act, or for good cause. (§ 15642; *Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427–428 [probate court has authority to remove a trustee sua sponte, without a petition]; *Conservatorship of Presha* (2018) 26 Cal.App.5th 487, 498 [probate court may intervene to prevent financial abuse of a conservatee by a fiduciary].) Given the meager record, we must presume the court exercised its power to remove appellant after hearing evidence that he breached the Trust.

---

[4] Appellant did not seek a settled statement as evidence of the oral proceedings, if they were not transcribed by a court reporter. (Cal. Rules of Court, rule 8.137.)

**DISPOSITION**

The order is affirmed.  Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



GOORVITCH, J.*

---

**\*** Judge of the Superior Court of Los Angeles County assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7