Filed 9/21/23  Marriage of D. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Marriage of JOYCE D. and SCOTT D. | |
| | D080760 |
| JOYCE D., | |
| Appellant, | |
| v. | |
| SCOTT D., | (Super. Ct. No. DN174297) |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, William Y. Wood, Judge.  Affirmed.

Joyce D., in pro. per., for Appellant.

No appearance for Respondent.

Joyce D. appeals a visitation and custody order.  On appeal, she contends there was insufficient evidence to support the trial court's findings that granting her custody, visitation, and conjoint therapy with her minor children would not be in their best interest.  Because we presume the order is correct and because Joyce has not provided us with an adequate appellate record to show the trial court erred, we affirm.

FACTUAL AND PROCEDURAL SUMMARY[1]

Joyce D. and her ex-husband, Scott D., have three children, two of whom are minors.[2] On July 7, 2022, the trial court held an evidentiary hearing regarding Joyce and Scott's custody and visitation dispute. Both parties represented themselves, and no court reporter was present.

Joyce, Scott, and five other witnesses testified at the hearing.[3] The court admitted many of Joyce's exhibits into evidence, including her two minor children's report cards, photographs of her home and children, proof of one child's COVID test, proofs of Joyce's completion of substance abuse programs and various parenting and therapy classes, and Joyce's resume indicating her background as an attorney. The court did not admit into evidence Joyce's other exhibits, which included letters about her character from various individuals and treating professionals, text messages, and a police report.

---

[1] The appellate record supplied by Joyce is insufficient to support a proper factual and procedural summary. For context, however, we provide the following summary based on the trial court's minute order summarizing the evidentiary hearing and Dr. Clark Clipson's psychological evaluation. Dr. Clipson's June 16, 2022 report was designated by Joyce, but it appears that it was inadvertently omitted from the record on appeal. We augment this document on the court's own motion. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

[2] At the time of the July 7, 2022 evidentiary hearing, two of the three children were minors, but the court observed that one of the minors would "soon" turn the age of majority. Because more than a year has passed since the hearing, it is probable that one of the two children is no longer a minor. However, we are unable to make this determination on the incomplete record before us.

[3] The minute order and limited record before us do not elucidate any information about Joyce's or the other witnesses' testimony.

The court also admitted into evidence Dr. Clark Clipson's April 2022 psychological evaluation of Joyce. In that report, Dr. Clipson noted Joyce's ongoing history of abusing alcohol until May 2018, prior posttraumatic stress disorder, chronic history of anxiety, and history of domestic violence in her relationship with Scott. Dr. Clipson noted that the validity of his psychological evaluation was "limited" because of Joyce's "defensive" approach to it. He observed that Joyce did not seem to understand the impact of her behavior on others and that her tendency to "act out in an impulsive . . . manner when she is frustrated . . . is worse when she is intoxicated." Dr. Clipson recommended that Joyce and her children try again to participate in conjoint psychotherapy, that Joyce continue to abstain from the use of alcohol, and that she continue to participate in Alcoholics Anonymous. Dr. Clipson concluded that "[o]ther than the risk of being over-protective and/or intrusive in her children's lives, [Joyce] [wa]s unlikely to have any other difficulties safely and effectively parenting her children."

According to the hearing's minute order, the trial court "highlight[ed]" unspecified portions of Dr. Clipson's report and the portions of Family Court Services reports that identified concerns about Joyce's behavior, recommended she have no contact with the minors, and identified a lack of improvement of her mental health and behavior. The court noted the unusually large volume of filings in the case and that there was "a Criminal Protective Order component, and incarceration due to violations of the Criminal Protective Order." The court further pointed to Joyce's repeated violations of court orders, her unusual affect and behavior in court during the hearing, her "minimizing of her alcohol disorder," and her "irrational obsession with requesting change to the custody and visitation orders in this case" as evidenced by her 16 ex parte hearing requests filed over the previous

3

three years.  The court expressed it did not believe there had been any "revelation or clarity in [Joyce's] thought processes" and that it was "inconceivable that [it] would bestow any parenting time to [Joyce] considering the evidence provided."  The court ultimately found it was not in the minor children's best interest to order visitation, custody, or conjoint therapy with Joyce, and it subsequently entered a Findings and Order After Hearing reiterating those findings.  Joyce appeals.

DISCUSSION

Joyce challenges the trial court's findings that allowing her visitation, custody, and conjoint therapy with her minor children would not be in their best interest.  We review this challenge for substantial evidence.  (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1497.)  As we will explain, however, the appellate record is insufficient to show the trial court's findings are not supported by substantial evidence.

An appeal is not a second hearing or a trial.  Rather, an appellate court's role is to determine whether any error occurred, and if so, whether that error was prejudicial to the appellant.  In doing so, we defer to the trial court's credibility determinations and do not reweigh evidence.  (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531 ["[t]he Court of Appeal is not a second trier of fact"].)

It is an appellant's burden to provide an adequate record establishing error.  (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178.)  Generally, an appellant must include in the record either a reporter's transcript or a settled statement.  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).)  An incomplete record of the oral proceedings bars an appellant from claiming that the evidence was insufficient to support the order in question.  (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th

4

121, 132 [if defendants "elected not to provide a reporter's transcript of the trial proceedings," they "have no basis upon which to argue that the evidence adduced at trial was insufficient to support the trial court's finding"]; *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 977 ["Without a complete record, we are unable to determine whether substantial evidence supported the implied findings underlying the trial court's order."]; *Foust*, at p. 187 [" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' "].) These rules of appellate procedure apply regardless of whether an appellant is represented by counsel or is self-represented. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

Here, the trial court made express findings regarding the minor children's best interest based on its evaluation of the evidence and the witnesses' testimony at the hearing. The appellate record before us, however, is insufficient to establish that those findings are unsupported by substantial evidence. Specifically, the record consists only of Joyce's declarations[4] and exhibits, Dr. Clipson's report, a reporter's transcript of a different hearing, the court's July 7, 2022 minute order, and the July 29, 2022 Findings and Order After Hearing. It does not include a reporter's transcript or a settled statement for the order at issue. Thus, on this limited and insufficient record, we are unable to conduct a meaningful review of Joyce's substantial evidence challenge and must instead "presume the trial court acted

---

[4] Three days before oral argument in this appeal, Joyce filed a "motion to correct" the record by augmenting it with her June 21, 2022 declaration, which she claimed was incorrectly omitted from the Clerk's Transcript. We agreed to consider Joyce's motion with the appeal and now grant it.

properly."[5]  (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 576 [affirming domestic violence restraining order where appellant failed to provide transcript of oral proceedings].)

DISPOSITION

The order is affirmed.  Joyce is to bear her own costs.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

---

[5]     We further observe that an appellant is bound by additional rules of appellate procedure designed to facilitate our review of claims of reversible error.  For example, "[a]ppellate briefs must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862; see *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 [court disregards argument for which no authority is furnished].)  Here, Joyce's appellate briefing does not comply with those requirements.  Thus, we need not consider the numerous specific complaints she lists in her opening brief, which appear to include various disagreements about the court's evidentiary rulings and the weight given to particular evidence, Judge Wood's alleged "bias" at the hearing, and specific factual contentions—all of which lack reasoned argument and citations to authority.  Moreover, as discussed previously, without a sufficient record to evaluate these arguments, we are unable do so.