Filed 1/30/24  Marriage of Schuck and Emert CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

|  |  |
|---|---|
| In re the Marriage of ANDREA L. SCHUCK and ROBERT EMERT. | |
| ANDREA L. SCHUCK, | D079955 |
| Respondent, | (Super. Ct. No. 19FL010852N |
| v. | |
| ROBERT EMERT, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Patti Ratekin, Commissioner and Lorna Alknse, Judge.  Affirmed.

Robert Emert, in pro. per., for Appellant.

Law Office of Linda Cianciolo and Linda Cianciolo for Respondent.

Self-represented litigant Robert Emert (Robert) appeals a family court judgment entered against him by a family court commissioner, Patti Ratekin, arguing it is "void" or "required to be set aside and or vacated due to [Commissioner Ratekin's] egregious violations of state and federal laws/rules that govern our courts basic due process, basic service, and ethical conduct"

and also because "she entered the judgments [*sic*] after she recused . . . ."[1] Robert also appeals from rulings by Judge Lorna Alknse, who he claims, "kept me, my evidence, my witnesses and my [American Disability Act] coordinators out of my own trial even though I simply requested a continuance and or remote hearings due to a heart attack." Finally, he claims, with no citation to the record, that Judge Alana Robinson refused to hear his challenge to Commissioner Ratekin's rulings.

Respondent Andrea L. Schuck (formerly Emert (Andrea)) points out Robert has failed to cite to the record and provide cogent arguments or sound legal analysis and therefore has not presented sufficient grounds for reversal. We agree and affirm.

DISCUSSION

"Every brief must support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) . . . If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061; accord, *In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Further, it is an appellant's burden to provide an adequate record establishing error. (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178.)

---

[1] As respondent points out, one of Robert's notices of appeal states the appeal is from Commissioner Ratekin's October 15, 2021 order, but that is the date the commissioner filed her June 24, 2021 order. We construe the appeal as taken from the June 24, 2021 order. We liberally construe notices of appeal " 'so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.' " (*In re Joshua S.* (2007) 41 Cal.4th 261, 272; accord, Cal. Rules of Court, rule 8.100(a)(2).) Robert's second notice of appeal states it is from Judge Alksne's November 18, 2021 order.

Generally, an appellant must include in the record either a reporter's transcript or a settled statement. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187; *Gonzalez v. Rebollo* (2014) 226 Cal.App.4th 969, 977 ["Without a complete record, we are unable to determine whether substantial evidence supported the implied findings underlying the trial court's order"].) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' " (*Foust*, at p. 187.) These rules of appellate procedure apply regardless of whether an appellant is represented by counsel or is self-represented. (*Nwosu v.* Uba (2004) 122 Cal.App.4th 1229, 1247.)

Any ambiguity in the record is resolved in favor of the judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608).) On appeal, this court starts with a presumption that the judgment or order being appealed is correct; the burden is on the appellant to affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'All intendments and presumptions are indulged to support [the judgment or order] on matters as to which the record is silent, and error must be affirmatively shown' "].)

As an appellant, Robert is further obligated to demonstrate how the rulings he challenges prejudiced him. (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800-802; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105-106 ["[O]ur duty to examine the entire cause arises when and only when the appellant has fulfilled his duty to tender a proper prejudice argument. Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice"]; *Vaughn v. Jonas* (1948) 31 Cal.2d 586, 601 ["[t]o presume in favor of error or prejudice would be directly contrary to the policy of this state"].)

3

Based on the above principles and Robert's deficient briefing, we are unable to conduct a meaningful review of his assertions of error and must resolve this appeal in favor of the judgment. Robert has forfeited his claims because he has not set forth the portion of the courts' rulings he disagrees with or made cogent arguments assigning error based on the applicable law. The presentation of an appeal is not merely a rehash of arguments unsuccessful at trial, but instead is a careful assertion of *legal* error and resulting prejudice. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712.)

At the outset of his opening brief, Robert acknowledges his brief lacked proper citation to legal authority: "In the interest of clarity and readability, this brief focuses on the application of key authorities, those that are most essential to the arguments presented in this case. Although the tenor of the entire brief reflects the principles set out by a broad range of authorities as referenced below, the document does not explicitly cite every authority on every page. The table of authorities that accompanies this brief provides a comprehensive list of all the cases, statutes, and other sources that significantly influenced the positions taken in this brief. [¶] The lack of page numbers provided in the table of authorities that are supposed to correspond to those sections where the authorities are explicitly invoked and discussed is not necessary as all the table of authorities are paramount in describing this scenario. It should be understood that the principles drawn from these authorities permeate the entirety of the arguments, even if not expressly cited on every page. [¶] This approach ensures that the brief remains cogent, while still acknowledging the breadth of authority underpinning the argument." (Some capitalization omitted.) "By failing to provide an adequate record, [Robert] cannot meet his burden to show error and we must resolve

any challenge . . . against him." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

We also decline to address Robert's arguments raised for the first time in the reply brief, including his request for judicial notice.[2] "For obvious reasons of fairness, points raised for the first time in a reply brief will ordinarily not be considered." (*Rubinstein v. Fakheri* (2020) 49 Cal.App.5th 797, 809.) This includes his request for an evidentiary hearing. "Although appellate courts are authorized to make findings of fact on appeal . . . the authority should be exercised sparingly. [Citation.] Absent exceptional circumstances, no such findings should be made." (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

---

[2] After filing his reply brief, Robert filed in this court a motion requesting we take judicial notice of unspecified "undisputed factual matters in the record of this case." He also requested an evidentiary hearing "in order to present additional evidence related to the timeline and events stated below, which establish that the trial court lacked jurisdiction when it recorded the November 29, 2021 default judgment on [January 24, 2022] due to the automatic stays triggered by [his] previously filed appeals[.]" We denied the request for judicial notice by separate order.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

IRION, J.

DATO, J.

6